The Honorable John Carassas Representative, District 54 Room 303, House Office Building 402 South Monroe Street Tallahassee, Florida 32399-1300
Dear Representative Carassas:
You ask this office substantially the following question:
Does Article I, section 24, Florida Constitution, as amended during the 2002 general election, which authorizes the Legislature to provide for exemptions from the public meetings and records requirements of the section by a general law passed by a two-thirds vote of each house, apply to re-adoptions of exemptions?
During the 2002 general election, Florida voters approved an amendment to Article I, section 24, Florida Constitution, which now provides:
"(c) This section shall be self-executing. The legislature, however, may provide by general law passed by a two-thirds vote of each house for the exemption of records from the requirements of subsection (a) and the exemption of meetings from the requirements of subsection (b), provided that such law shall state with specificity the public necessity justifying the exemption and shall be no broader than necessary to accomplish the stated purpose of the law. The legislature shall enact laws governing the enforcement of this section, including the maintenance, control, destruction, disposal, and disposition of records made public by this section, except that each house of the legislature may adopt rules governing the enforcement of this section in relation to records of the legislative branch. Laws enacted pursuant to this subsection shall contain only exemptions from the requirements of subsections (a) or (b) and provisions governing the enforcement of this section, and shall relate to one subject."[1] (emphasis supplied for added language)
The ballot summary provided by the sponsors of the legislative initiative stated that the chief purpose of the proposed constitutional amendment was to provide that "exemptions from public records or public meetings requirements must . . . be passed by a two-thirds vote of each house of the Legislature."[2] No reference in either the ballot summary or the full text of the proposed amendment drew a distinction between the initial enactment of an exemption or subsequent consideration for re-adoption of an exemption.
The Open Government Sunset Review Act (Sunset Act), section 119.15, Florida Statutes, is one of the legislative provisions implementing the open government mandates of Article I, section 24, Florida Constitution. The statute requires all exemptions to the Public Records Law[3] and to the open meetings law[4] to be reviewed automatically five years after their enactment. Exemptions shall be "created or maintained" only if the Legislature makes specific findings prescribed by the act.[5] The statute specifically provides that the "maintenance or creation of an exemption must be compelled as measured by these criteria." That an exemption must be automatically reviewed five years after its enactment contemplates that the Legislature evaluate the exemption under no different standard than when first considered.
Moreover, in section 119.15, Florida Statutes, the Legislature has made a specific finding that:
"[T]he public has a right to access to executive branch governmental meetings and records unless the criteria in this section for restricting such access to a public meeting or public record are met and the criteria are considered during legislative review in connection with the particular exemption to be significant enough to override the strong public policy of open government."
No distinction is made in the application of these criteria between creation or maintenance of exemptions. The statute recognizes the public's right to access without regard to whether an exemption is maintained or created, unless the criteria are met and "the criteria are considered during legislative review[.]"[6] Had the Legislature intended to differentiate between the creation of exemptions and the re-enactment or maintenance of exemptions in requiring a two-thirds passage, it could have clearly done so. No expression of legislative intent in either section 119.15, Florida Statutes, or Senate Joint Resolution 1284 that amended Article I, section 24, Florida Constitution, reflects this distinction. Accordingly, neither law, logic nor legislative history provides any distinction between the standard constitutionally required for the initial creation or later re-adoption of an exemption to the Public Records Law.
In fact, an examination of the staff analysis for Senate Joint Resolution 1284 indicates that re-enactment of the public records exemptions would be covered by the then proposed constitutional amendment.[7] The staff analysis states that all bills providing public records exemptions that passed during the 1999 through 2001 legislative sessions passed with votes in excess of a two-thirds majority. In listing those exemptions, the staff analysis refers to bills that "reenacted" exemptions pursuant to section 119.15, Florida Statutes.[8]
I am therefore of the opinion that this State's strong public policy of open government expressed in section 119.15, Florida Statutes, and ArticleI, section 24, Florida Constitution, and the language before the voters in 2002 for amending this constitutional provision, requires that the two-thirds majority vote apply to any attempt by the Legislature to restrict the public's access to executive branch governmental records and meetings whether through the initial creation of an exemption or the re-adoption of such an exemption.
Sincerely,
Charlie Crist Attorney General
[1] See, Senate Joint Resolution 1284 (2002), which proposed the amendment to Art. I, s. 24, Fla. Const. 
[2] Id.
[3] See, Ch. 119, Fla. Stat.
[4] See, s. 286.011, Fla. Stat.
[5] Section 119.15(2), Fla. Stat., provides that exemptions to sections119.07(1) and 286.011, shall be created or maintained only if:
"(a) The exempted record or meeting is of a sensitive, personal nature concerning individuals; (b) The exemption is necessary for the effective and efficient administration of a governmental program; or (c) The exemption affects confidential information concerning an entity."
[6] Section 119.15(2), Fla. Stat.
[7] Senate Staff Analysis and Economic Impact Statement on Senate Joint Resolution 1284, dated January 31, 2002.
[8] See, e.g., HB 393 (passed as Ch. 01-69, Laws of Florida); HB 385 (passed as Ch. 01-87, Laws of Florida); HB 403 (passed as Ch. 01-151, Laws of Florida).